IN RE: INQUIRY CONCERNING A JUDGE, NO. 04-121 WILLIAM L. DAISY,
RESPONDENT

No. 132A05

(Filed 1 July 2005)

**Judges— censure—sexual harassment**

A district court judge is censured for violations of the Code of Judicial Conduct, conduct prejudicial to the administration of justice that brings the judicial office into disrepute, and conduct in violation of his oath of office based upon his unwanted, uninvited and inappropriate hugging, touching and engaging in physical contact with a judicial assistant and a paralegal.

This matter is before the Court pursuant to N.C.G.S. § 7A-376 upon a recommendation by the Judicial Standards Commission entered 18 February 2005 that respondent William L. Daisy, a Judge of the General Court of Justice, District Court Division, Eighteenth Judicial District of the State of North Carolina, be censured for conduct in violation of Canons 1, 2A., and 3A.(3) of the North Carolina Code of Judicial Conduct, for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376, and for conduct in violation of respondent's oath of office. Calendered for argument in the Supreme Court 16 May 2005; determined on the record without briefs or oral argument pursuant to Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or respondent.*

ORDER OF CENSURE

In a letter dated 14 July 2004, the Judicial Standards Commission (Commission) notified Judge William L. Daisy (respondent) that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. The investigation involved allegations that respondent had sexually harassed a judicial assistant.

On 24 November 2004, Special Counsel for the Commission filed a complaint alleging in pertinent part:

3. The respondent engaged in [the] following inappropriate conduct:

**IN RE DAISY**

[359 N.C. 622 (2005)]

a. The respondent hugged, touched and engaged in physical contact with Stephanie Miller Wallace, judicial assistant to the district judges of the Eighteenth Judicial District, that could reasonably be interpreted, and was considered by Stephanie Miller Wallace[,] to be unwanted, uninvited, and inappropriate conduct.

b. The respondent hugged, touched and engaged in physical contact with Tarah Danielle Mayes, a paralegal, that could reasonably be interpreted, and was considered by Tarah Danielle Mayes, to be unwanted, uninvited, and inappropriate conduct.

4. The actions of the respondent constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of N.C.G.S. § 7A-376, and are in violation of Canons 1, 2A and 3A(3) of the North Carolina Code of Judicial Conduct and the respondent's oath of office.

On 15 December 2004, the Commission served respondent with a notice of formal hearing concerning the alleged charges. The Commission scheduled a hearing for 4 February 2005, at which respondent waived formal hearing and stipulated to the conduct alleged in paragraphs 3.a. and 3.b. of the complaint. Respondent further stipulated that such conduct violated Canons 1, 2A., and 3A.(3) of the North Carolina Code of Judicial Conduct and was prejudicial to the administration of justice.

On 18 February 2005, the Commission issued its recommendation, concluding on the basis of clear and convincing evidence that respondent's conduct constituted:

a. conduct in violation of Canons 1, 2A and 3A(3) of the North Carolina Code of Judicial Conduct;

b. conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376; [and]

c. conduct in violation of the respondent's oath of office.

The Commission recommended that this Court censure respondent.

In reviewing the Commission's recommendations pursuant to N.C.G.S. §§ 7A-376 and 7A-377, this Court acts as a court of original jurisdiction, rather than in its typical capacity as an appellate court.

**IN RE DAISY**

[359 N.C. 622 (2005)]

*See In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979). Furthermore, the Commission's recommendations are not binding on this Court. *In re Nowell*, 293 N.C. 235, 244, 237 S.E.2d 246, 252 (1977).

The quantum of proof in proceedings before the Commission is by clear and convincing evidence. *Id.* at 247, 237 S.E.2d at 254. Such proceedings are not meant "to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *Id.* at 241, 237 S.E.2d at 250.

We conclude that respondent's actions constitute conduct in violation of Canons 1, 2A., and 3A.(3) of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, William L. Daisy, be and he is hereby censured for violations of the Code of Judicial Conduct, for conduct prejudicial to the administration of justice that brings the judicial office into disrepute, and conduct in violation of the respondent's oath of office.

By order of the Court in Conference, this 30th day of June 2005.

Newby, J.
For the Court