**IN RE ALLEN**

[362 N.C. 73 (2007)]

━━━━━━━━━━

IN RE: INQUIRY CONCERNING A JUDGE, NOS. 06-083, 06-091, 06-099, AND 06-104
STANLEY L. ALLEN, RESPONDENT

No. 463A07

(Filed 7 December 2007)

**Judges— censure of district court judge—violations of Code of Judicial Conduct**

A district court judge is censured for violations of the Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon his actions in (1) verbally ordering county magistraties to set unsecured bond for a former client in the amount of $500.00 in each of three cases, (2) requesting that the Chief District Court Judge "go easy" on his former client when setting bond because he had arranged for a bail bond firm to post bond for the former client and needed the former client out of jail to perform air conditioning work for him, and (3) signing an ex parte order granting the former client emergency temporary custody of three minor children in a pending case.

This matter is before the Court pursuant to N.C.G.S. § 7A-376 upon a recommendation by the Judicial Standards Commission entered 5 September 2007 that respondent Stanley L. Allen, a Judge of the General Court of Justice, District Court Division, State of North Carolina Judicial District Seventeen-A, be censured for conduct in violation of Canons 1, 2A, 2B, 3A(4), 3C(1)(a), and 3D of the North Carolina Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376. Calendered for argument in the Supreme Court on 15 November 2007, but determined on the

record without oral argument pursuant to Rule 30(f) of the North Carolina Rules of Appellate Procedure and Rule 2(c) of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission.

*No counsel for Judicial Standards Commission or respondent.*

## ORDER OF CENSURE

In a letter dated 18 May 2006, the Judicial Standards Commission (Commission) notified Judge Stanley L. Allen (respondent) that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. On 24 April 2007, Special Counsel for the Commission filed a complaint alleging in pertinent part:

3. The respondent engaged in conduct inappropriate to his judicial office in legal proceedings involving Timothy Dwayne Carter (Carter), who was a former client of the respondent's, and with whom the respondent maintained both a "father-like" and business relationship, as follows:

a) The respondent verbally ordered Rockingham County Magistrate J. Michael Austin, on April 2, 2006, to set bond for Carter in the amount of $500.00 unsecured, in file number 06CR051223;

b) The respondent verbally ordered Rockingham County Magistrate Jason O. Lawrence, on April 3, 2006, to set bond for Carter in the amount of $500.00 unsecured, in file number 06CR051250;

c) The respondent verbally ordered Rockingham County Magistrate William L. Rumley, on April 12, 2006, to set bond for Carter in the amount of $500.00 unsecured, in file number 06CR051420;

d) On April 28, 2006, the [r]espondent approached Chief District Court Judge Frederick B. Wilkins, Jr., in Judge Wilkins's chambers immediately prior to Judge Wilkins opening court, and requested Judge Wilkins "go easy" on Carter when setting bond. The respondent stated he had counseled Carter and that he believed Carter would behave. The respondent stated he had arranged for the bail bond firm, Bond U Out, which rented office space from the respondent, to post bond for Carter. The respond-

**IN RE ALLEN**

[362 N.C. 73 (2007)]

ent further stated that Carter was to perform some air conditioning work for the respondent, and the respondent really needed to have Carter out of jail;

    e) The respondent signed an Ex Parte Emergency Order And Notice of Hearing, granting emergency temporary custody of three minor children to Timothy Dwayne Carter on April 3, 2006, in the matter of Timothy Dwayne Carter vs. Regina Aileen Carter, Rockingham County file number 06CVD579.

    4. The actions of the respondent are in violation of Canons 1, 2A, 2B, 3A(4), 3C(1)(a) and 3D of the North Carolina Code of Judicial Conduct, constitute conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b), and constitute willful misconduct in violation of N.C.G.S. § 7A-376(b).

After serving respondent with a notice of formal hearing concerning the allegations, the Commission conducted a hearing on 10 August 2007, at which respondent waived formal hearing and stipulated to the relevant conduct alleged in the complaint. Respondent further stipulated that such conduct violated Canons 1, 2A, 2B, 3A(4), 3C(1)(a), and 3D of the North Carolina Code of Judicial Conduct and constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

On 5 September 2007, the Commission issued its recommendation, concluding on the basis of clear and convincing evidence that respondent's conduct violated Canons 1, 2A, 2B, 3A(4), 3C(1)(a), and 3D of the North Carolina Code of Judicial Conduct and constituted conduct prejudicial to the administration of justice that brings the judicial office into disrepute in violation of N.C.G.S. § 7A-376(b). The Commission recommended that this Court censure respondent.

"In reviewing the Commission's recommendations pursuant to N.C.G.S. §§ 7A-376 and 7A-377, this Court acts as a court of original jurisdiction, rather than in its typical capacity as an appellate court." *In re Daisy*, 359 N.C. 622, 623, 614 S.E.2d 529, 530 (2005) (per curiam) (citing *In re Peoples*, 296 N.C. 109, 147, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929 (1979)). We have previously observed that "[s]uch proceedings are not meant 'to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice.' " *Id.* at 624, 614 S.E.2d at 531 (quoting *In re Nowell*, 293 N.C. 235, 241, 237 S.E.2d 246, 250 (1977)).

We conclude that respondent's actions constitute conduct in violation of Canons 1, 2A, 2B, 3A(4), 3C(1)(a), and 3D of the North Carolina Code of Judicial Conduct. Therefore, pursuant to N.C.G.S. §§ 7A-376 and 7A-377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, it is ordered that respondent, Stanley L. Allen, be and is hereby censured for violations of the Code of Judicial Conduct and for conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

By order of the Court in Conference, this 6th day of December, 2007.

Hudson, J.
For the Court